IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. Civ. S-09-274 JAM KJM |
| LARRY TEVIS and NANCY TEVIS, | <u>Order Denying Plaintiffs'</u><br><u>Motion to Withdraw Reference</u> |
| Debtor. | |
| _____/ | |
| LARRY TEVIS and NANCY TEVIS, | |
| Plaintiffs, | |
| v. | |
| CAL VET, ET. AL., | |
| Defendants. | |
| _____/ | |

This matter comes before the Court on Plaintiffs Larry and Nancy Tevis' (the "Tevises") motion to withdraw reference pursuant to 28 U.S.C. Section 157(d).[1] Defendants Cal. Vet., et.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

1

al oppose the motion. For the reasons set forth below, Plaintiffs' motion is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to the filing of their bankruptcy petition, the Tevises were involved in state court litigation relating to the purchase, construction, and installation of their mobile or modular home. See Pls' Motion ("Pls' Mot."), Doc. # 1, Exh. 2 at 3:1-5. On June 21, 2004, the Tevises filed for bankruptcy relief under Chapter 7. Id. at 3:14-15. They then removed the modular home litigation to the bankruptcy court. Id. at 3:15-16. The Chapter 7 Trustee, with advice and assistance of counsel, entered into a settlement that resolved all but the Cal-Vet litigation. Defs' Opposition ("Defs' Opp."), Doc. # 3, at 2:15-17. Despite the Tevises' objection, the bankruptcy court approved the settlements. The Tevises filed an appeal from the approval of the settlement, but that appeal was dismissed. Pls' Mot., Exh. 2 at 3:21-22, n.3.

On December 1, 2004, the Tevises subsequently converted their bankruptcy case to a case under Chapter 13. Id. The conversion had the effect of outing the Chapter 7 Trustee and the implementation of the settlement. In addition, the pendency of the Chapter 13 case stayed Cal-Vet's foreclosure efforts.

Defs' Opp. at 2:20-22. Ultimately, the Tevises defaulted on their Chapter 13 plan.

On January 2, 2008, the instant action was brought in this Court by the Tevises against Defendants. Doc. # 1. Plaintiffs request the Court to vacate decisions of the bankruptcy court and to transfer the action from the bankruptcy court to this Court based on Plaintiffs' allegations of judicial bias and prejudice. See Pls' Mot. at 2:1-21. Defendants contend there are no grounds justifying withdrawal of the reference. Defs' Opp. 4:7-16.

## II. OPINION

A. Legal Standard

28 U.S.C. § 157(d) provides a mechanism whereby matters pending in a bankruptcy court may be transferred to the district court. A transfer to the district court is accomplished by "withdrawing" the "reference." A litigant who believes that a certain proceeding or portion of a proceeding pending in the bankruptcy court should be litigated in the district court may make such a motion. 28 U.S.C. § 157(d). Such a motion is heard by the district court. Fed.R.Bankr. 501(a).

Most requests for withdrawal are governed by the so-called permissive withdrawal provision of § 157(d), which provides that the reference may be withdrawn in the exercise of the district court's discretion "for cause shown." "In determining whether

cause exists, a district court should consider the efficient use of judicial resources, delay, and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Bhd. Of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997). Withdrawal of the reference is mandatory for proceedings that require consideration of both bankruptcy law and other, non-bankruptcy federal law that affects interstate commerce. 28 U.S.C. § 157(d). The burden of persuasion is on the party seeking withdrawal. In re Homeland Stores, Inc., 204 B.R. 427, 430 (D.Del.1997).

B. Plaintiffs' Motion to Withdraw the Reference

Plaintiffs assert that this Court should "vacate all Judge Holman's decisions on the grounds of prejudice and bias" and further, should vacate the "decisions that stem from his predecessors decisions." Pls' Mot. at 2:20-21. In addition, Plaintiffs request the action be transferred from the bankruptcy court to this Court because Plaintiffs "need to literally sue the bankruptcy court to vacate the bankruptcy judges' orders." Pls' Reply, Doc. # 5, at 4:24-26. Plaintiffs, however, do not present any detail showing that Judge Holman was prejudiced or biased in his decisions nor that Judge Klein, Judge McKeag, or any of the bankruptcy judges were biased or prejudiced in

deciding Plaintiffs' case.  As such, Plaintiffs have failed to meet their burden of persuasion to show cause as required under §157(d).  Moreover, this matter has proceeded for over a year in bankruptcy court and there are numerous pending motions.  It would be extremely disruptive to the case if the Court withdraws the reference at this time.  Further, Plaintiffs appear to be forum shopping for a judge that will find in its favor.  Accordingly, after considering whether cause exists to withdraw the reference, this Court finds that in the interest of efficient use of judicial resources, delay, and costs to the parties, uniformity of bankruptcy administration, and the prevention of forum shopping, Plaintiffs' motion to withdraw the reference is denied.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion to withdraw the reference is DENIED.

IT IS SO ORDERED.

Dated:  April 8, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE